**UNITED STATES of America,**

v.

**Jesus QUINTANA, Defendant.**

**Crim. No. 88–0124–02–LFO.**

United States District Court, District of Columbia.

July 25, 1988.

Judith E. Retchin, Asst. U.S. Atty., Washington, D.C., for U.S.

Richard S. Stern, Washington, D.C., for defendant.

MEMORANDUM '

OBERDORFER, District Judge.

Defendant was indicted and tried along with a co-defendant for possession with intent to distribute drugs. The co-defendant pled guilty in mid-trial and testified against Mr. Quintana. The jury was unable to reach a verdict. On motion of defendant, the Court declared a mistrial. At the request of both counsel, the Court authorized them to inquire of the jurors. Counsel reports that the jury voted 11 to 1 for acquittal. Counsel for the government also reports that some jurors said something about a conspiracy.[1]

Thereafter, despite the jury vote of 11 to 1 for acquittal, the United States Attorney determined to try the case again. Before doing so, she advised defendant's counsel that unless defendant would plead guilty to the distribution charge with respect to which the jury had voted 11 to 1 for acquittal, the government would seek a new indictment charging defendant as a co-conspirator with his erstwhile co-defendant, as well as with distribution, thereby exposing defendant to enhanced penalties. When defendant refused to plead to the distribution charge, the United States Attorney sought and obtained another indictment, charging in Count One, a conspiracy and in Count Two, distribution.

In *United States v. Jamison*, 505 F.2d 407, 416 (D.C.Cir.1974), our Court of Appeals ruled that after a mistrial

---

1. No juror was instructed by the Court or by counsel as to the nuances of a conspiracy charge, or the material differences, if any, in this context between a conspiracy charge, con-

structive possession, and aiding and abetting, the latter two having been the subject of instructions in the case which produced a jury vote of 11 to 1 for acquittal.

in the context of increases in the charged offense ... the reasons for such increases, as well as their factual bases, must be made a part of the record at the time the higher indictment is filed with the court.

After the defendant in the instant case moved to dismiss the second indictment as vindictive, the government explained that it did not charge a conspiracy in the first indictment because it did not have the benefit of the original co-defendant's testimony. This testimony became available to the government during the original trial which ended in the jury's 11 to 1 vote for acquittal of the defendant. However, the government makes no showing that it made this explanation a part of the record at the time it filed the higher indictment with the court.

As Justice Jackson once said:

It is very well to say that those who deal with the Government should turn square corners. But there is no reason why the square corners should constitute a one-way street.

*Federal Crop Insurance Corp. v. Merrill*, 332 U.S. 380, 387–88, 68 S.Ct. 1, 4–5, 92 L.Ed. 10 (1947) (Jackson, J., dissenting). That salutary principle applies here where the government failed to make a timely record of its reasons for the enhanced second indictment.

Accordingly, an accompanying Order will grant the defendant's motion to dismiss.

#### ORDER

For the reasons stated in the accompanying Memorandum, it is this 25th day of July, 1988, hereby

ORDERED: that defendant's motion to dismiss the second indictment should be, and is hereby, GRANTED.